UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JASON PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 12-2010-JPO |
| UNIFIED GOVERNMENT OF WYANDOTTE | ) |
| COUNTY/KANSAS CITY, KANSAS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER IN LIMINE

This case arises from a January 4, 2011 sting operation in which the Kansas City Kansas Police Department ("KCKPD") sought to determine whether police officers on its tactical squad (the "SCORE unit"), were engaging in theft during the execution of search warrants. Plaintiff Jason Pittman, a member of the SCORE unit, was arrested immediately following the sting operation. He brings federal civil-rights claims and state common-law claims for assault, battery, unlawful arrest and detention, and failure to train and supervise. A jury trial is scheduled to begin July 11, 2016. Currently before the court are the parties' motions in limine (ECF docs. 189 and 195). As explained below, the motions are denied to the extent that the parties did not reach stipulations on specific requests.[1]

---

[1] This limine order supplements the court's June 19, 2014 order adopting the parties' stipulation to exclude evidence and argument related to ten specified categories. ECF doc. 433 in Case No. 11-2621.

O:\Trial\12-2010_Pittman v WYCO-KCK\MIL order.wpd        1

## I. Governing Legal Standards

In ruling on motions in limine, the court applies the following standard:

> The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion. Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial only means that the court cannot decide admissibility outside the context of trial. A ruling in limine does not relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial.[2]

## II. Plaintiff's Amended Motion in Limine (ECF doc. 195)

Plaintiff moves the court to preclude the introduction of evidence about (and reference to) the following matters: (1) evidence of criminal conduct allegedly committed by members of the SCORE unit; (2) reports or testimony regarding the administration of or results from computerized voice stress analysis ("CVSA") tests; and (3) mention of a warning given plaintiff under *Miranda v. Arizona*,[3] and if a warning under *Garrity v. New Jersey*[4] is mentioned, that it be clearly distinguished from a *Miranda* warning. To the extent

---

[2] *BHC Dev., LC v. Bally Gaming, Inc*, No. 12-2393, 2014 WL 524665, at *7 (D. Kan. Feb. 10, 2014) (quoting *Schipper v. BNSF Ry. Co.*, No. 07-2249, 2009 WL 997149, at *1 (D. Kan. Apr. 14, 2009), and *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F. Supp. 2d 1078, 1082 (D. Kan. 2000)).

[3] 384 U.S. 436 (1966).

[4] 385 U.S. 493 (1967).

defendants have not stipulated to plaintiff's requests, the motion is denied.

      1.    <u>Evidence of criminal acts not committed by plaintiff and evidence of alleged criminal conduct developed after the January 4, 2011 arrest of SCORE officers</u>

Plaintiff first objects to the admission of evidence regarding the allegations of theft that led to the execution of the sting operation. He further objects to the admission of evidence regarding investigation of SCORE members after they were taken into custody on the day of the sting. Plaintiff argues that such evidence is not relevant under Fed. R. Evid. 401 and, in any event, is unduly prejudicial under Fed. R. Evid. 403. Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." As to prejudice, Rule 403 provides that although relevant, evidence may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Under the Rule 401 relevancy standard, the court has little trouble finding that evidence of alleged criminal acts of the SCORE unit and the investigation into the same could shed light on facts material to the outcome of this litigation. Evidence that the KCKPD received three complaints of theft in the course of the SCORE unit's execution of search warrants is highly relevant to the background of the sting operation, the manner in which the sting operation was executed and SCORE members were detained, and defendants' states of

mind. Similarly, the KCKPD's investigation of criminal conduct by members of the SCORE unit developed after SCORE officers were taken into custody—including review of a videotape showing plaintiff was in both rooms where bait items were stolen—is relevant to the question of whether defendants had probable cause and/or reasonable suspicion to detain plaintiff. Plaintiff has failed to meet his burden of showing such evidence should be excluded as irrelevant, at least prior to trial.

Moreover, evidence of criminal conduct allegedly committed by members of the SCORE unit and the related investigation is not only relevant, but also highly probative to the above issues in this case. Plaintiff asserts that such evidence may unfairly cast him in a poor light or confuse the jury because there is no evidence indicating he participated in or was aware of the thefts. But the court is certain that the jury will be able to distinguish plaintiff's actions from those of others, and that the danger of potential unfair prejudice or confusion is low. Particularly given the high probative value of this evidence, the court does not find that plaintiff has met his burden under Rule 403 at this time. The court will revisit this issue at trial upon any objection based on asserted prejudice to plaintiff. Defendants are warned that, particularly given the stipulation that the court will provide the jury regarding the events that led to the sting operation, the court expects evidence of the same to be limited and not unnecessarily inflammatory. Finally, if the court determines that plaintiff may suffer any potential prejudice based on trial evidence, the court will likely give a jury instruction limiting the use for which the evidence may be considered. Plaintiff's motion in limine is

denied as to evidence of criminal conduct.

    2.    <u>Any reports or testimony regarding the administration of or results from CVSA tests</u>

Plaintiff moves to exclude evidence related to any CVSA test—which the parties agree is akin to a polygraph examination—given to a complainant or a witness. In response, defendants indicate that they will offer only evidence of a CVSA test administered to James Clayborn. Defendants state it "will be offered solely to establish the defendants' intent to investigate and identify any indicia of reliability of the allegations which led to conducting the integrity test [i.e., sting operation], and not for the truth of the matter asserted."[5] As so limited by defendants, such evidence will be admitted.

Plaintiff correctly notes that the Tenth Circuit greatly circumscribes the use of polygraph evidence when it is "treated as scientific evidence" and offered as proof of truthfulness.[6] In such cases, an expert witness must be called to explain the science behind the testing. Defendants have not proffered an expert on this topic. However, in *United States v. Tenorio*, the Tenth Circuit recognized that "where polygraph evidence is not offered as scientific evidence, neither [Fed. R. Evid.] 702 nor a per se rule against admissibility applies."[7] In *Tenorio*, the Circuit held that evidence of a polygraph examination was

---

[5]ECF doc. 198 at 3.

[6]*United States v. Tenorio*, 809 F.3d 1126, 1130 (10th Cir. 2015) (citing *United States v. Hall*, 805 F.2d 1410, 1416–17 (10th Cir. 1986)).

[7]*Id.*

properly admitted (without a *Daubert* hearing) to explain a detective's actions (rather than as "an indicator of honesty").

Under *Tenorio*, the court will allow evidence of the CVSA test administered to Clayborn, but only for the purpose of establishing the reasons defendants conducted the sting operation and not for the truth of the results of the CVSA test. To the extent plaintiff also contends that he would be unduly prejudiced by such evidence (a statement he makes in conclusory fashion, without a supporting explanation), the court will save for trial any ruling on objections made on this basis.

### 3. Any mention of a *Miranda* warning and if a *Garrity* warning is mentioned, that it be clearly distinguished from a *Miranda* warning

Defendants do not oppose plaintiff's request to exclude evidence that plaintiff was provided a *Miranda* warning; defendants acknowledge that plaintiff was not. Defendants state that they will present evidence that they provided plaintiff a *Garrity* waiver in the form of a "Witness Employee Rights" form, and defendants welcome the opportunity to distinguish this *Garrity* waiver from a *Miranda* warning. Thus, this portion of plaintiff's motion is denied as moot.

## III. Defendants' Motion in Limine (ECF doc. 189)

Defendants move the court to exclude evidence or reference by counsel to ten categories of information. Plaintiff has stipulated to a majority of defendants' requests. To the extent plaintiff has not stipulated to defendants' requests, the motion is denied.

1.      Other SCORE officers' alleged emotional distress

Defendants ask the court to exclude testimony of witness SCORE officers (other than plaintiff) concerning their alleged emotional damages. Defendants assert that such evidence is not relevant under Rule 401, and that "the probative value of such evidence, if any, is substantially outweighed by unfair prejudice, confuses the issues, misleads the jury, wastes time and thus should be excluded by the Court under Fed. R. Evid. 403."[8] The court disagrees.

Plaintiff has alleged he experienced psychological trauma caused by his arrest in the KCKPD parking garage upon his return from the sting operation. Defendants contest the existence or extent of that trauma. What other SCORE officers experienced upon their arrest makes more or less probable plaintiff's allegations of damages. In other words, such testimony may collaborate plaintiff's allegations of distress, therefore making it relevant. In addition, the court finds no reason to exclude the evidence under Rule 403. Defendants have presented no reason why the jury could not differentiate among the experiences of the SCORE officers and determine the amount of weight to give such evidence. Defendants' motion in limine is denied as to evidence of SCORE officers alleged emotional distress.

2.      Witness officers' legal opinions or speculation

Defendants move to exclude testimony from non-expert witnesses "regarding whether they believed that SCORE officers were under arrest, in custody, or detained; what would

---

[8]ECF doc. 190 at 1.

constitute sufficient probable cause to effectuate an arrest or reasonable suspicion to detain the SCORE officers; what conduct constitutes an arrest or detention; and opinions and legal conclusions regarding Constitutional rights."[9] Plaintiff stipulates that non-expert witnesses "will not be asked for lawyer-like definitions of these terms."[10] But plaintiff asserts that officers' training on the issue of probable cause and whether the KCKPD had policies and procedures to protect innocent persons from probable-cause-lacking arrests and detentions are pivotal issues in this case.

The court agrees with plaintiff that the involved officers' understandings of legal standards, such as "probable cause," are relevant—not to the question of whether such standards were actually satisfied in this situation, but to other issues in the case. For example, how officers acted based on their understanding of legal standards is relevant to the issue of malice/punitive damages; and the training officers received on these legal standards is pivotal to plaintiff's failure-to-train claim. Thus, while the court will not permit officers to give expert-like opinion testimony based on hypothetical questions, the officers will be permitted to testify as to what each personally experienced and his reason for taking certain actions (including that actions were based on his personal understanding of legal standards). In their reply brief, defendants seem to agree that testimony of this sort is permissible.[11]

---

[9]ECF doc. 190 at 2.

[10]ECF doc. 199 at 2.

[11]ECF doc. 208 at 2.

       3.      <u>Alleged employment claims for violations of collective bargaining agreement</u>

Plaintiff stipulates he will not present evidence of employment claims or damages.[12] This request is denied as moot.

       4.      <u>Allegations of unrelated misconduct by police commanders</u>

Plaintiff stipulates he will not present evidence of unrelated misconduct by police commanders. This request is denied as moot.

       5.      <u>Hearsay testimony and rumors with regard to COMSTAT meetings, roll calls, or in-service meetings</u>

Plaintiff stipulates he will not present evidence of COMSTAT Meetings, roll calls, or in-service meetings. This request is denied as moot.

       6.      <u>Opinion testimony about Armstrong's reputation and honesty</u>

Plaintiff stipulates he will not present evidence concerning defendant Armstrong's reputation as to honesty.[13] This request is denied as moot.

       7.      <u>Reference to medical statements, comments, or opinions made to a witness by plaintiff's healthcare provider</u>

Plaintiff stipulates he will not present evidence of statements made to a witness by his healthcare provider. This request is denied as moot.

---

[12] Plaintiff does plan, however, to present evidence of the Memorandum of Understanding between the Unified Government and plaintiff's collective bargaining unit. Defendants take no issue with the introduction of such evidence.

[13] This does not preclude plaintiff from presenting evidence that Armstrong "was not factual and/or truthful" in some specific statements made related to the claims in this case. ECF doc. 199 at 3. Defendants take no issue with the introduction of such evidence.

8.     Limiting the testimony of plaintiff's health care providers to personal observations made during the treatment of plaintiff and excluding reference to causation

Defendants ask the court to preclude plaintiff's treating providers from testifying on matters outside the course of their personal treatment of plaintiff, including prohibiting opinion testimony on causation. Plaintiff agrees that the testimony of his treating health care provider will be limited to "her personal observations of Pittman as well as her diagnosis, prognosis, and treatment of Pittman as it relates to his claims of injury in this case," but asserts that such testimony includes "causation of those injuries and the casual relationship of her treatment and the incident giving rise to this lawsuit, causation she relied upon in making diagnoses and prescribing treatment."[14] Defendants take no issue in their reply brief with this sort of anticipated testimony on causation, so the matter may be moot.

To be clear, the court will permit testimony by plaintiff's healthcare provider regarding her treatment of plaintiff and the reason for that treatment (causation). Judges in this district consistently allow treating physicians to opine on the cause of injury if the cause is relevant to the patient's treatment.[15] Defendants cite no case precluding causation

---

[14] ECF doc. 199 at 4.

[15] *See Mackey v. Burlington Northern Santa Fe Ry. Co.,* No. 05–4133–SAC, 2006 WL 3512958, at *2 (D. Kan. Nov. 29, 2006) ("All treating physicians listed by plaintiff shall be permitted to testify providing opinions based upon their own personal care and treatment of plaintiff including the cause of injury as a necessary part of their treatment of plaintiff."); *Hildebrand v. Sunbeam Products, Inc.*, 396 F. Supp. 2d 1241, 1250 –51 (D. Kan. 2005) (treating physicians can testify as to causation, diagnosis, prognosis, and other opinions arising out of the treatment without any expert report); *Starling v. Union Pacific Ry. Co.*, 203

testimony from a treating physician when that testimony is based on the physician's treatment of the plaintiff. This specific request is denied.

9.  Evidence of plaintiff's alleged damages contained within his *itemization of damages*

Plaintiff stipulates he will not show the jury the itemization of damages contained in the amended pretrial order, but states he will use a demonstrative exhibit summarizing his damages. Defendants do not disagree with this approach, but reasonably request that plaintiff disclose his proposed demonstrative exhibit to defendants with sufficient prior notice for defendants to consider it without delaying trial. With this understanding between the parties, this limine request is denied as moot.

10.  Plaintiff's claim for punitive damages must be limited to the individual defendants and be based on actual malice

Plaintiff concedes he may only seek punitive damages from the individual defendants on his state common-law claims. He does not dispute that evidence offered to support punitive damages should be evidence of actual malice. This limine request is denied as moot.

---

F.R.D. 468, 479 (D. Kan. 2001) ("[T]he prevailing weight of authority today is that, to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment, treating physicians may opine on causation without triggering any need for a full-blown Rule 26(a)(2)(B)-report."); *Goeken v. Wal–Mart Stores, Inc.,* No. 99–4191–SAC, 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001) (treating physician can render opinion on diagnosis, prognosis and cause of injury because these matters are encompassed in the ordinary care of a patient); *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan.1995) (approving the notion of a treating physician testifying not only about the nature and extent of the patient's damages but also about the cause of those damages).

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's amended motion in limine (ECF doc. 195) is denied.

2. Defendants' motion in limine (ECF doc. 189) is denied.

Dated June 28, 2016, at Kansas City, Kansas.

                                                     s/ James P. O'Hara
                                                     James P. O'Hara
                                                     U.S. Magistrate Judge